UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PENA REAL ESTATE INVESTMENTS, LLC, <br>     Plaintiff, <br><br> v. <br><br> ONE HARDT, LLC, and DRIMEL A. REYES, <br>     Defendants, <br><br> and <br><br> ASHGEMI CORPORATION, <br>     Trustee Defendant, <br><br> ONE HARDT, LLC, and DRIMEL A. REYES, <br>     Third-Party Plaintiffs, <br> v. <br><br> ARTHUR J. BROADHURST, ESQ., <br>     Third-Party Defendant | Civil Action No. 1:22-cv-11544-IT |

MEMORANDUM & ORDER

December 20, 2023

TALWANI, D.J.

    Pending before the court is Third-Party Defendant Arthur J. Broadhurst's Motion to Dismiss [Doc. No. 52] the Third-Party Complaints brought by Third-Party Plaintiffs One Hardt, LLC and Drimel A. Reyes. The Motion to Dismiss [Doc. No. 52] is treated as a motion to strike and is GRANTED for the reasons set forth herein.

**I.    Factual Background**

    This action arises from a real estate dispute between Plaintiff Pena Real Estate Investments, LLC ("Pena Real Estate") and Defendants/Third-Party Plaintiffs Drimel A. Reyes

and One Hardt, LLC ("One Hardt") concerning a failed purchase and sale of certain property. Reyes signed the purchase and sale agreement on behalf of One Hardt. Third-Party Defendant Arthur Broadhurst, an attorney, allegedly drafted the purchase-and-sale agreement for Reyes without proper authorization from One Hardt to go through with the sale. Id. ¶¶ 17-19; Reyes Am. Third-Party Compl. ¶ 20 [Doc. No. 50]. At the time, Broadhurst was One Hardt's registered agent. One Hardt Third-Party Compl. ¶ 7 [Doc. No. 48]. Additionally, Broadhurst allegedly knew that Reyes did not hold a position where he could authorize a purchase agreement on behalf of One Hardt. One Hardt Third-Party Compl. ¶ 26 [Doc. No. 48]; Reyes Am. Third-Party Compl. ¶ 18 [Doc. No. 50].

## II.     Procedural Background

Pena Real Estate initiated this action in August 2022 in state court, see Complaint [Doc. No. 1-1], and Defendant One Hardt removed the action to this court the following month, see Notice of Removal [Doc. No. 1]. Pena Real Estate filed its operative Amended Complaint [Doc. No. 25] on December 21, 2022. The court issued a Scheduling Order [Doc. No. 29] shortly thereafter, which stated that absent good cause shown, all "motions seeking leave to add new parties or to amend the pleadings or to assert new claims or defenses" shall be filed by March 15, 2023. The court also set deadlines for serving written discovery (May 15, 2023), requests for admission (August 15, 2023), completing depositions (November 15, 2023), and completing fact discovery (December 31, 2023). Id.

One Hardt and Reyes filed Motions to Dismiss [Doc. Nos. 30, 31] on January 14, 2023, and January 17, 2023, respectively. They also jointly filed a Motion to Amend the Scheduling Order [Doc. No. 37], to extend the March 15, 2023, deadline for motions to amend pleadings to no later than 30 days following the court's order on the Defendants' Motions to Dismiss [Doc.

Nos. 30, 31]. The court granted this request. See Elec. Order [Doc. No. 38]. The parties also sought to stay discovery, see Motion to Stay Discovery [Doc. No. 40], which the court denied (except to extend to July 14, 2023, Defendants' time to respond to Plaintiff's discovery requests). Elec. Order [Doc. No. 42].

The court resolved the Defendants' Motions to Dismiss [Doc. Nos. 30, 31] on June 14, 2023. Mem. and Order [Doc. No. 41]. Thus, under the court's Electronic Order [Doc. No. 38], the final deadline to file a motion to amend pleadings absent a showing of good cause was July 14, 2023.

Reyes filed an Answer [Doc. No. 43] to Pena's Amended Complaint on July 10, 2023, and a Third-Party Complaint [Doc. No. 45] against Broadhurst on August 9, 2023. One Hardt filed an Answer and Counterclaim [Doc. No. 44] to Pena's Amended Complaint on July 27, 2023, and a Third-Party Complaint [Doc No. 48] against Broadhurst on August 18, 2023. Broadhurst responded by filing the pending Motion to Dismiss [Doc. No. 52].

**III.   Standard of Review**

A third-party defendant must assert any defense against a third-party plaintiff under Rule 12, see Fed. R. Civ. P. 14(a)(2)(A), and may move to strike the third-party claim, to sever it, or to try it separately, see Fed. R. Civ. P. 14(a)(4). Here, although entitled a "motion to dismiss," the pending motion does not cite Rule 12 and is not based on any of the defenses set forth under Rule 12. Instead, it seeks dismissal of the Third-Party Complaints [Doc. Nos. 45, 48] on the grounds that the filings are untimely and any action against Broadhurst should therefore proceed as a separate action. Mot. to Dismiss 3 [Doc. No. 52]. Accordingly, the court treats the motion as brought under Rule 14(a)(4) on timeliness grounds.

Under the Federal Rules of Civil Procedure, when a defending party files an answer, it may also "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the [defending party] must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). Whether to grant leave "is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 393 (1st Cir. 1999).

When a defending party responds to an initial complaint with a motion to dismiss, and a court denies that motion, a defending party must file its answer within 14 days of the court's action unless the deadline is extended by the court. Fed. R. Civ. P. 12(a)(4)(A).

**IV.     Discussion**

The parties do not dispute that both Reyes and One Hardt have exceeded the time frame for filing their Answers, as set forth in Rule 12, the deadline for filing their Third-Party Complaints without leave, as set forth in Rule 14, and the deadline for adding new parties or amending pleadings, as set forth in the court's Scheduling Order.[1] Yet neither Reyes nor One Hardt moved for leave to file their Third-Party Complaints.

The court's Scheduling Order does permit the parties to seek leave for untimely pleadings if they demonstrate "good cause" for the delay. See Scheduling Order [Doc. No. 29]; Fed. R. Civ. P. 16(b). Accordingly, despite Reyes and One Hardt failing to seek leave, the court considers whether Reyes and One Hardt have now demonstrated in their opposition to

---

[1] One Hardt even points to the "less than a month" of delay as an argument in favor of denying Broadhurst's Motion to Dismiss. One Hardt's Opp'n 5-6 [Doc. No. 53].

4

Broadhurst's motion "good cause" for the delay. Good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Flores-Silva v. McClintock-Hernandez, 710 F.3d 1, 3 (1st Cir. 2013).

The Third-Party Plaintiffs state that they were waiting to bring a claim against Broadhurst until the court rendered a decision on their Motions to Dismiss [Doc. Nos. 30, 31]. See One Hardt's Opp'n 4-5 [Doc. No. 53]. However, the court accounted for this concern by providing a thirty-day extension of the scheduling order deadline as the parties requested. See Electronic Order [Doc. No. 38]. The parties therefore had ample (indeed, extended) time following the June 14, 2023 Order to file a Third-Party Complaint. See Fed. R. Civ. P. 14(a)(1) (requiring third-party claims to be filed within fourteen days of original answer).

The Third-Party Plaintiffs also assert that their delay was justified because they "needed to engage in an in-depth factual and legal analysis to understand the implications of filing claims against Attorney Broadhurst." One Hardt's Opp'n 5 [Doc. No. 53]. The necessity of foreseeable legal work is not "good cause" for a delay. See, e.g., Hicks v. Long Island R.R., 165 F.R.D. 377, 380 (E.D.N.Y. 1996) (finding excuse of being "too busy" "wholly unpersuasive"); Jagielski v. Package Mach. Co., 93 F.R.D. 431, 432 (E.D. Pa. 1981) ("'mere inadvertence or carelessness' is an insufficient basis for allowing late joinder"). Broadhurst's alleged involvement has been clear from the start of this case, as evidenced by the original Complaint [Doc. No. 1-1, at ¶ 14], and he has been easily identifiable as a possible Third-Party Defendant since the initiation of this action. Cf. Jagielski, 93 F.R.D. at 432 (holding when one party only recently learns of another party's involvement through no fault of their own, untimely joinder is permissible). With no showing of "good cause," the late filing is not excusable. In addition, where written discovery between the original parties was concluded under the Scheduling Order before the Third-Party Complaints

5

were filed, permitting the Third-Party Complaints to be part of this action would undoubtedly cause delay. As the Third-Party Plaintiffs correctly note, they are free to file their Complaint against Broadhurst in a separate action. Reyes' Opp'n 4 [Doc. No. 54]; One Hardt's Opp'n 6 [Doc. No. 53].

## V.     Conclusion

For the foregoing reasons, the Motion to Dismiss [Doc. No. 52] is GRANTED without prejudice to the refiling of the Third-Party Complaints as initial pleadings in a separate action.

IT IS SO ORDERED

December 20, 2023                                                     /s/      Indira Talwani
                                                                            United States District Judge